# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IVAN LOPEZ,

                Plaintiff,

v.                                    Case No:   6:24-cv-1179-JSS-LHP

CLEAR BLUE INSURANCE
COMPANY,

                Defendant

_____

## ORDER
### (And Direction to Clerk of Court)

      Before the Court are Defendant's Opposed Motion to Compel Mediation (Doc. No. 31) and Defendant's Motion to Compel Discovery (Doc. No. 32). On review, however, it is not clear whether the motions have been properly served on Plaintiff.

      Specifically, Plaintiff proceeds *pro se* in this case, as his counsel withdrew on February 12, 2025. Doc. Nos. 23–24. Upon counsel's withdrawal, and due to an internal Court error, Plaintiff's email address was added to CM/ECF and he has been receiving Notices of Electronic Filings ("NEFs") by email alone. But Plaintiff never requested access to the CM/ECF system, and he ordinarily would receive

court filings in paper form by mail.    And as it relates to the present motions (Doc. Nos. 31, 32),[1] the Certificates of Service are ambiguous as to how they were served on Plaintiff, as both state:

> I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the online CM/ECF Filing on the 31st day of July, 2025, to *Pro Se* Plaintiff, Ivan Lopez, 1390 Doyle Road, Deltona, Florida 32725, at ilovelopez66@gmail.com.

Doc. No. 31, at 5; Doc. No. 32, at 4.

From this, it is not clear whether Plaintiff was served with the motions (Doc. Nos. 31, 32) solely by CM/ECF, both by CM/ECF and separate email, or if he was mailed a physical copy at his address.  *See id*.  And absent Court-authorized registration with CM/ECF or written consent to service by email, and given Plaintiff's *pro se* status, email service alone would not be otherwise sufficient.  *See* Fed. R. Civ. P. 5(b)(2)(E), (F) (requiring written consent for service by electronic or alternative means).  The docket reflects no such consent, and Defendant does not address it.  Doc. Nos. 31, 32.[2]

---

[1] Defendant has also filed an Unopposed Motion for Leave from Court's August 23, 2024 Case Management and Scheduling Order (Doc. No. 30), but that motion remains pending before the presiding District Judge and is not addressed herein.

[2] The Court also notes that as it relates to the Motion to Compel Discovery (Doc. No. 32), it is also not clear whether the attached discovery was properly served on Plaintiff, as it contains the same ambiguous certificate of service, and the attachments to Defendant's motion appear to suggest that Plaintiff was served via email alone.  *See* Doc. No. 32-1, at 1, 2, 10.  Assuming the discovery was served solely via email without written consent for such service, Defendant is of course free to withdraw this motion.

Based thereon, it is **ORDERED** as follows:

1.      Defendant shall immediately serve on Plaintiff, by certified mail, return receipt requested, copies of Defendant's Opposed Motion to Compel Mediation (Doc. No. 31) and Defendant's Motion to Compel Discovery (Doc. No. 32).    **On or before August 21, 2025**, Defendant shall file a notice of compliance with the Court, to include the certified mail receipt. **Alternatively, on or before this same deadline**, Defendant may file evidence of Plaintiff's written consent to service of Court documents via email.   *See* Fed. R. Civ. P. 5(b)(2)(E), (F).

2.      Absent the filing of evidence of Plaintiff's written consent to service of Court documents via email,[3] Plaintiff shall have up to and including **August 29, 2025** to file responses to both Defendant's Opposed Motion to Compel Mediation (Doc. No. 31) and Defendant's Motion to Compel Discovery (Doc. No. 32).

3.      The **Clerk of Court** is **DIRECTED** to immediately remove Plaintiff's email address from his listed contact information on the docket, discontinue service of Court documents on Plaintiff by CM/ECF alone, and shall ensure

---

[3] Should Defendant provide evidence of such consent, the Court will promptly rule on the motions without waiting further response from Plaintiff.   Fed. R. Civ. P. 5(b)(2)(E), (F); Local Rule 3.01(c).

that all Court Orders are served on Plaintiff via U.S. mail, absent further Order of the Court.

**DONE** and **ORDERED** in Orlando, Florida on August 19, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties