# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

IVAN LOPEZ,

        Plaintiff,

v.                                                 Case No:   6:24-cv-1179-JSS-LHP

CLEAR BLUE INSURANCE
COMPANY,

        Defendant

_____

## ORDER

Before the Court is Defendant's Opposed Motion to Compel Mediation. Doc. No. 31. Plaintiff has not responded, and his time for doing so has expired. Local Rule 3.01(c); *see also* Doc. No. 33, at 3 (extending response deadline to August 29, 2025). Nonetheless, upon review, given subsequent Orders from the Court, it is not clear that the relief requested is appropriate at this time.

Specifically, the parties' mediation deadline was originally September 16, 2025. Doc. No. 12, at 1. By the present motion, Defendant says that the parties agreed to a mediator, and initially scheduled mediation for May 6, 2025. Doc. No. 31, at 2. The mediator requires that *pro se* litigants prepay for mediation. *Id.* Plaintiff advised that he was unable to pay the required $900.00 prepayment, and

the mediator canceled the mediation on April 1, 2025. *Id.* The parties have since conferred, and Plaintiff was "actively in the process of securing the necessary funds and fully intends to participate in good faith" in mediation. *Id.* at 3. So, Defendant seeks to compel Plaintiff to pay for/engage in mediation prior to the September 16, 2025 deadline. *Id.* at 4.

However, since the filing of this motion, the presiding District Judge granted Defendant's related request to extend all remaining deadlines in this case by sixty days. *See* Doc. No. 37. Although a new Case Management and Scheduling Order has not yet issued, it appears that the extension also applies to the mediation deadline. *See* Doc. Nos. 30, 37. Given that Defendant's motion is premised on the prior September 16, 2025 mediation deadline, and there is no date certain for mediation at this time, the motion (Doc. No. 31) will be **DENIED without prejudice**.

Defendant may renew the motion, as appropriate, upon issuance of a new Case Management and Scheduling Order, and after conferral with Plaintiff to coordinate a mediation in line with the requirements therewith. Alternatively, given Plaintiff's *pro se* status, and the representations regarding the inability to pay for mediation, the parties may request a settlement conference before a United States Magistrate Judge, if appropriate.

Plaintiff is cautioned that although he proceeds *pro se*, he must still comply with all requirements of federal litigation. *See Moon v. Newsome*, 863 F.2d 835, 837

(11th Cir.), *cert. denied*, 493 U.S. 863 (1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").  In particular, the Court directs Plaintiff to Chapter Four of the Court's Local Rules, which governs mediation, and requires Plaintiff to, among other things, attend mediation upon Order of the Court, Local Rule 4.03(d), and equally bear the cost of mediation, Local Rule 4.02(d).  Failure to comply with these requirements may result in sanctions.   Fed. R. Civ. P. 16(f); Local Rule 4.03(e); Doc. No. 12, at 4.

**DONE** and **ORDERED** in Orlando, Florida on September 5, 2025.

*Leslie Hoffman Price*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties